UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CARL SIMMONS and THELMA COSBY,** on Behalf of Themselves and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> V. <br><br> **K & E RESOURCES, LLC and JANE OLA EASTERLY ACHORD** <br><br> Defendants | **CIVIL ACTION NO. 2:19-cv-14040** |

## COLLECTIVE ACTION COMPLAINT

Plaintiffs, Carl Simmons and Thelma Cosby, by and through undersigned counsel, on behalf of themselves and on behalf of all others similarly situated, bring this Complaint against Defendants, K & E Resources, LLC ("K&E") and Jane Ola Easterly Achord (collectively, "Defendants"), and in support of their claim, state as follows:

### PRELIMINARY STATEMENT

1. This Complaint is filed as a collective action under 29 U.S.C. § 216(b), and is brought by and on behalf of persons who are or have been at some time employed during the applicable limitations period as general laborers for Defendants, in the business of providing commercial and residential construction.

2. Defendants employ general laborers or those working in similar job positions, and pays them on an hourly rate for all hours worked, even when more than 40 hours of work is performed in a particular week.

3. Plaintiffs and similarly situated employees routinely work more than 40 hours in a workweek but are not paid an overtime premium for any of their overtime hours.

4. As a result of Defendants' failure to compensate Plaintiffs and similarly situated employees for all hours worked, Defendants have violated the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* by failing to pay Plaintiffs and similarly situated employees, overtime compensation for hours worked in excess of 40 hours in one week as required under the FLSA.

5. Plaintiffs bring this action on behalf of themselves and all other similarly situated individuals pursuant to the FLSA, 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction of this action under 28 U.S.C. § 1331 as this case is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

7. Venue is proper in the Eastern District of Louisiana under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and conduct charged herein occurred in this district. Moreover, a substantial amount of the work performed by Plaintiffs for which Defendants failed to pay overtime under the FLSA occurred in the Eastern District of Louisiana.

## THE PARTIES

**Plaintiffs**

8. Plaintiff, Carl Simmons, lives in Albany, Louisiana. Plaintiff was employed by Defendants as a general laborer from approximately June 2019 to November 2019. His written consent is attached hereto as Exhibit 1.

9. Plaintiff, Thelma Cosby, lives in Albany, Louisiana. Plaintiff was employed by Defendants as a general laborer from approximately July 2019 to October 2019. Her written consent is attached hereto as Exhibit 2.

10. The class of similarly situated employees consists of all general laborers who worked for Defendants within the last three years (hereinafter referred to as "Class Members").

**Defendants**

11. Together, Defendants have employed Plaintiff and Class Members at all times relevant as a single enterprise.

**K & Resources, LLC**

12. K&E is a Louisiana limited liability company that may be served through its registered agent, Jane Ola Easterly Achord, 37652 LA Highway 16, Denham Springs, LA 70706.

13. K&E provides commercial and residential construction services.

14. K&E is an "employer" of Plaintiffs and Class Members as that term is defined by the FLSA.

15. At all relevant times, K&E maintained control, oversight, and direction over Plaintiffs and Class Members, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other practices.

16. At all relevant times, K&E has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

17. Upon information and belief, K&E's gross annual sales made or business done has been $500,000 or greater per year at all relevant times.

**Jane Ola Easterly Achord**

18. Defendant, Jane Ola Easterly Achord, is the owner and operator of K&E.

19. At all relevant times, Jane Ola Easterly Achord has been an "employer" of Plaintiffs and Class Members as that term is defined by the FLSA.

20. At all relevant times, Jane Ola Easterly Achord has been actively involved in managing the operations of K&E.

21. At all relevant times, Jane Ola Easterly Achord has had control over K&E's pay policies.

22. At all relevant times, Jane Ola Easterly Achord has had power over personnel and payroll decisions at K&E.

23. At all relevant times, Jane Ola Easterly Achord has had the power to stop any illegal pay practices that harmed Plaintiffs and Class Members.

24. At all relevant times, Jane Ola Easterly Achord has had the power to transfer the assets and liabilities of K&E.

25. At all relevant times, Jane Ola Easterly Achord has had the power to declare bankruptcy on behalf of K&E.

26. At all relevant times, Jane Ola Easterly Achord has had the power to enter into contracts on behalf of K&E.

27. At all relevant times, Jane Ola Easterly Achord has had the power to close, shut down, and/or sell K&E.

## FACTUAL ALLEGATIONS

28. Plaintiffs and similarly situated employees work or worked for Defendants as general laborers during the applicable statutory period.

29. Plaintiffs and similarly situated employees perform work as general laborers in Defendants' construction business.

30. Defendants compensated Plaintiffs and similarly situated employees for their work on an hourly basis.

31. Defendants suffered and permitted Plaintiffs and similarly situated employees to work more than forty (40) hours per workweek.

32. Defendants have a common policy of not paying Plaintiffs and similarly situated employees at a rate of one and one-half (1.5) times their regular pay for the overtime hours they worked as required by the FLSA.

33. In calculating Plaintiffs and similarly situated employees, Defendants only paid them their regular rate (*i.e.*, straight time rate), rather than the legally required one and one-half (1.5) times their regular rate of pay for hours in excess of forty (40) per workweek.

34. Defendants willfully operated under a common scheme to deprive Plaintiffs and similarly situated employees of overtime compensation by paying them less than what is required under federal law.

35. As a commercial and residential construction company that has been in existence for close to ten (10) years, Defendants were or should have been aware that Plaintiffs and similarly situated employees performed work that required proper payment of overtime compensation.

36. Defendants knew that Plaintiffs and similarly situated employees worked overtime hours without receiving proper overtime pay because Defendants maintained and recorded the hours worked by Plaintiffs and similarly situated employees.

37. Defendants were aware, or should have been aware, of its unlawful payment practices and recklessly chose to disregard the consequences of their actions.

## FLSA COLLECTIVE ACTION ALLEGATIONS

38. Plaintiffs bring Counts I on behalf of themselves and all similarly situated individuals. The proposed collective class ("Class Members") is identified as follows: All general laborers who worked for K & E Resources, LLC within the last three years.

39. Plaintiffs consent in writing to assert their claims for unpaid wages under the FLSA pursuant to 29 U.S.C. § 216(b). Plaintiffs' signed consent forms are filed with the Court as Exhibit 1 and Exhibit 2 to this Complaint.

40. As the case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

41. Members of the proposed Class Members are known to Defendants and are readily identifiable through Defendants' records.

42. Plaintiffs and the Class Members are all victims of Defendants' widespread, repeated, systematic, and consistent illegal policies that have resulted in willful violations of their rights under the FLSA, 29 U.S.C. § 201, *et seq.*, and that have cause significant damage to Plaintiffs and the Class Members.

43. The Class Members would benefit from the issuance of court-supervised notice of this lawsuit and an opportunity to join by filing their written consent.

## COUNT I – FAILURE TO PAY OVERTIME IN VIOLATION OF FLSA

44. Plaintiffs realleges and incorporates by reference the above paragraphs as if fully set forth herein.

45. Defendants are an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and are engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(b), (s)(1).

46. The FLSA, 29 U.S.C. § 207, requires covered employers like Defendants to pay non-exempt employees like Plaintiffs and the Class Members no less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek.

47. Plaintiffs and the Class Members regularly worked more than forty (40) hours per week for Defendants, but Defendants did not properly compensate them for all of their overtime hours as required by the FLSA.

48. Defendants have not made a good-faith effort to comply with the FLSA as it relates to the compensation of Plaintiffs and the Class Members.

49. Defendants knew Plaintiffs and the Class Members worked overtime without proper compensation, and it willfully failed and refused to pay Plaintiffs and the Class Members wages at the required overtime rate pursuant to 29 U.S.C. § 225.

50. Defendants' willful failure and refusal to pay Plaintiffs and the Class Members overtime wages for time worked violates the FLSA, 29 U.S.C. § 207.

51. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs and the Class Members have suffered and will continue to suffer a loss of income and other damages. Plaintiffs and the Class Members are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

## INDIVIDUAL LIABILITY

52. At all relevant times, Jane Ola Easterly Achord acted directly in the interests of K&E in relation to its employees. Thus, she was and is an employer of the Plaintiffs and others similarly situated, within the meaning of Section 3(d) of the FLSA (29 U.S.C. § 203(d)), and is jointly, severally, and individually liable along with K&E.

53. At all relevant times, Jane Ola Easterly Achord maintained executive authority over Plaintiffs and all others similarly situated, including the location, duration, and rate-of-pay for their jobs. Moreover, Jane Ola Easterly Achord controls the day to day operations of K&E.

**WHEREFORE**, Plaintiffs, Carl Simmons and Thelma Cosby, pray for all the following relief:

A. Designation of this action as a collective action on behalf of the collective action members and prompt issuance of notice to all similarly situated members of an opt-in class, apprising them of this action, permitting them to assert timely wage and hour claims in this action, and appointment of Plaintiffs and their counsel to represent the collective action members.

B. Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations;

C. An award of any pre-judgment and post-judgment interest;

D. An award of costs and expenses of this action, together with reasonable attorney's fees and expert fees; and

E. Such other legal and equitable relief as the Court deems appropriate.

Respectfully Submitted:

*/s/ Preston L. Hayes*

_____
PRESTON L. HAYES (#29898)
RYAN P. MONSOUR (#33286)
ZACHARY R. SMITH (#37316)
*Chehardy, Sherman, Williams, Murray, Recile, Stakelum & Hayes, L.L.P.*
One Galleria Boulevard, Suite 1100 Metairie, Louisiana 70001
Telephone: (504) 833-5600/Fax: (504) 613-4528
*Counsel for Plaintiffs*